IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MICAH BEWLEY,** individually and on behalf of similarly situated persons,<br><br>**Plaintiff,**<br><br>v.<br><br>**AMERIFIELD INC.**,<br><br>**Defendant.** | Civil Action No. 4:21-cv-1419<br><br>Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Micah Bewley, individually and on behalf of all others similarly situated, files this Original Complaint against the above-named Defendant and in support states the following:

### I. SUMMARY

This is a collective action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff and Defendant's other "Dispatchers" worked for Defendant performing technical and manual labor and regularly worked well in excess of 80 hours per workweek. Instead of paying overtime as required by the FLSA, Defendant paid these workers primarily on a salaried basis and improperly treated them as "exempt" from the FLSA.

### II. PARTIES

1. Plaintiff Micah Bewley is an individual who worked for Defendant at various sites throughout the United States and within this District. His consent to participate is attached to this Complaint as "Exhibit 1."

2. The "Class Members" are Defendant's current and former "Dispatchers" who were paid primarily on a salaried basis and who, regardless of precise title used for their position, performed similar duties and worked within the three years preceding this Complaint's filing.

3. Defendant Amerifield Inc. (hereinafter, "Amerifield") may be served through its registered agent Anthony L. Gonzalez at 3723 N. Main Street, Cleburne, Texas 76033, or wherever he may be found.

### III.    JURISDICTION AND VENUE

4. This Court has jurisdiction over the claim because Plaintiff asserted a claim arising under federal law.

5. Venue is proper in this District because one or more of the Parties reside in this District and the events forming the basis of this lawsuit occurred in this District.

### IV.    COVERAGE FACTS

7. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer, joint or successor employer with respect to Plaintiff and the Class Members.

8. At all times hereinafter mentioned, Defendant has been an employer, joint or successor employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said

enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

11. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

12. Defendant Amerifield describes itself as a "Leading Contender in the Frac Sand Industry" and does more than $500,000.00 per year in business.

13. Plaintiff worked for Defendant within the statutory period, during the three years prior to the filing of this lawsuit, and until approximately January 2019.

14. Plaintiff was employed by Defendant in a variety of capacities including as a frac sand equipment operator, coordinator and mechanic ("Frac Sand Equipment Operator").

15. At all relevant times and regardless of precise title used for his position or work, Plaintiff's duties consisted of blue-collar work involving coordinating with trucks and dispatchers, overseeing deliveries, and other day-to-day operations of the plant. Plaintiff did not have managerial responsibilities, supervise two or more employees, possess the power to hire/fire, or exercise independent discretion or judgment in regards to matters of significance.

16. During his entire employment and during weeks covered by this lawsuit, Plaintiff regularly worked over 40 hours per workweek. In fact, Plaintiff worked 7 days a week, and regularly worked over 80 hours per workweek. Defendant knew that Plaintiff regularly worked in excess of 40 hours per week during weeks covered by this lawsuit. In fact, Defendant allowed and directed him to do so.

17. Defendant paid Plaintiff a salary for this work or otherwise treated him as exempt from the FLSA and failed to pay any overtime pay despite him regularly working overtime hours.

18. Plaintiff is entitled to receive overtime pay for all hours worked in excess of 40 hours per workweek. Defendant was aware of the FLSA's overtime requirements, received complaints regarding excessive work hours and insufficient pay, but refused to pay Plaintiff overtime. Defendant knowingly, willfully or with reckless disregard carried out its illegal practice of failing to pay Plaintiff overtime.

## VI. COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff and the Class Members performed the same or similar non-exempt job duties as one another. Specifically, they performed physical, manual or technical tasks necessary to provide Defendant's frac sand oilfield services to Defendant's clients. Further, Plaintiff and Class Members were subjected to the same pay provisions in that they were paid under the same pay plan and were not paid at time-and-one-half of their regular rates of pay for all hours worked in excess of 40 hours in a workweek. Specifically, Defendant failed to pay Plaintiff and Class Members at the rates required by the FLSA because Defendant paid these individuals primarily under a salaried basis or treated them as "exempt" and failed to provide overtime pay for overtime hours worked. Accordingly, the Class Members were victimized by Defendant's unlawful pattern and practices and are similarly situated to Plaintiff in terms of job duties and pay.

21. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation at a rate of one-and-one-half their regular rate for hours worked

in excess of 40 per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

22. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime and minimum compensation with respect to Plaintiff and the Class Members.

### VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

23. During the relevant time period, Defendant violated and continues to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendant has acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

### VIII. RELIEF SOUGHT

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

      d.      For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

      e.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**FORESTER HAYNIE PLLC**

/s/ *M. Mathews*_____
**Meredith Black-Mathews**
Texas Bar No. 24055180
**J. Forester**
Texas Bar No. 24087532
400 N. St. Paul St., Suite 700
Dallas, TX 75201
(214) 210-2100 phone
(469) 399-1070 fax
mmathews@foresterhaynie.com
jay@foresterhaynie.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendant with summons to be issued by the clerk according the Federal Rules of Civil Procedure.

/s/ *M. Mathews*_____
**Meredith Black-Mathews**